

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00375-CR

DEKONTE ORAL TWEH                                     APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1301628D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Dekonte Oral Tweh appeals the trial court's judgment granting the State's petition to proceed to an adjudication; adjudicating him guilty of the offense of possession of a controlled substance, methamphetamine, of over four grams or more but less than 200 grams; and sentencing him to twelve years'

----

[1]*See* Tex. R. App. P. 47.4.

imprisonment in the penitentiary. Tex. Health & Safety Code Ann. § 481.115(d) (West 2010). We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel asserts that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record showing why there are no arguable grounds for relief. 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see Stafford v. State*, 813 S.W.2d 503, 510–11 (Tex. Crim. App. 1991). Counsel indicated that he sent Appellant a copy of the clerk's record and reporter's record for Appellant's use. Appellant filed a pro se letter response.[2] The State submitted a letter response.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *Stafford*, 813 S.W.2d at 511. When performing this evaluation, we consider the record, the arguments raised in the *Anders* brief, and any issues Appellant raises in his pro se brief. *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig.

---

[2]In Appellant's pro se letter response, he requests an opportunity to file a pro se brief or response to counsel's *Anders* brief. However, he indicates the purpose of his pro se brief or response would be to discuss the merits of the application for a writ of habeas corpus that he filed in the trial court.

proceeding).   Only then may we grant counsel's motion to withdraw.   *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Appellant's response, the State's response, and the appellate record.   We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal.[3]  *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).   Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

---

[3]The decision to revoke deferred adjudication community supervision and to proceed to an adjudication of guilt is reviewable in the same manner as the revocation of what is commonly known as "straight" community supervision.  Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2014).   Where the appellate standard of review is an abuse of discretion; *see Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); where the State's burden of proof was by a preponderance of the evidence; *see Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); where the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony; and where we review the evidence in the light most favorable to the trial court's ruling; *see Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); counsel concedes some of the trial court's findings of true are unassailable on appeal, which effectively renders moot those findings of true on which counsel could have raised plausible arguments.  *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980) (stating only one ground is necessary to support a revocation of community supervision).

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2015